FILED
CLERK, U.S. DISTRICT COURT

12/20/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | ED CR No. 5:23-cr-00270-JGB |
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 1341: Mail Fraud; 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| MAHMOUD QUHER, aka "Moe Kaher," aka "Burke Sharadeep," aka "Birak Sharadeep," | |
| Defendant. | |

The Grand Jury charges:

[18 U.S.C. §§ 1341, 2(b)]

A. INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

1. Defendant MAHMOUD QUHER, also known as ("aka") "Moe Kaher," aka "Burke Sharadeep," aka "Birak Sharadeep," worked at a business ("Business 1") located in Ontario, California as an Inside Sales Account Associate or Inside Sales Representative.

2. Business 1 provided clients with numerous information technology products and services, including the sale of hardware electronic equipment.

3. Business 1 possessed some of the products that they sold, while others were shipped to the business's clients directly from the manufacturer or a third-party vendor.

4. Defendant QUHER had access to Business 1's Microsoft Dynamics' Customer Relationship Manager ("CRM") and Great Plains ("GP") software programs, which Business 1 used to create proposals and orders for its clients.

B. THE SCHEME TO DEFRAUD

5. Beginning on or about a date unknown, but no later than January 5, 2018, and continuing through at least December 28, 2018, in San Bernardino County, within the Central District of California, and elsewhere, defendant QUHER, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud Business 1 as to material matters, and to obtain money and property by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

6. The scheme to defraud operated, in substance, as follows:

    a. Defendant QUHER would create fictitious customer orders within Business 1's ordering system, fraudulently listing actual customers from Business 1 as having placed the order, although defendant QUHER knew the listed customer had not actually placed such an order.

    b. Defendant QUHER would change the shipping address on the fraudulent orders from the purported customers' address to one of two addresses that defendant QUHER controlled or had access to as follows: (i) From approximately January 5, 2018 to April 10, 2018, defendant QUHER had the fraudulent orders shipped to an address located at 3501 Jack Northrop Avenue, Suite KT758, Hawthorne CA

90250; and (ii) From approximately April 13, 2018 to December 28, 2018, defendant QUHER had the fraudulent orders shipped to an address located at 3045 South Archibald Avenue, Suite H, Ontario CA 91761.

   c. Consistent with its internal processes at the time, a separate unit within Business 1 would thereafter finalize and process the fraudulent orders prepared by defendant QUHER, without knowing that defendant QUHER had fraudulently created them, causing vendors utilized by Business 1 to ship the products in the orders to the addresses that defendant QUHER controlled.

   d. After the separate unit at Business 1 had completed an order pursuant to the fictitious order defendant QUHER created, defendant QUHER would then delete certain information about the order from GP, preventing the unit at Business 1 responsible for billing customers from learning about the fraudulent orders.

   e. Because defendant QUHER would remove information from GP allowing for reconciliation of orders with billing, Business 1 would pay its vendors for the items that defendant QUHER fraudulently ordered, which were shipped to the addresses that defendant QUHER controlled, but Business 1 would not receive payment for these items.

   f. Through this scheme, defendant QUHER would submit approximately 354 fraudulent orders for approximately 10,283 items, such as Apple computers and iPads, which had a total value of $14,042,689.16.

C. <u>USE OF THE MAILS</u>

 7. On or about December 26, 2018, in San Bernardino County, within the Central District of California, and elsewhere, defendant QUHER, and others known and unknown to the Grand Jury, for the purpose of executing the above-described scheme to defraud, knowingly

3

caused to be deposited and delivered by private and commercial interstate carrier, namely, Western Regional Delivery Service, according to the directions thereon, to an address in Ontario, California, and took and received therefrom, 46 parcels containing 46 Apple MacBook Air computers.

FORFEITURE ALLEGATION

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

8. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in this Indictment.

9. The defendant, if so convicted, shall forfeit to the United States of America the following:

  a. All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

  b. To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

10. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//
//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                          A TRUE BILL

                          /S/

                          Foreperson

E. MARTIN ESTRADA
United States Attorney

*[signature: Scott M. Garringer, Deputy Chief, Criminal Division For:]*

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

BENJAMIN J. WEIR
Assistant United States Attorney
Riverside Branch Office